IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


JOHNATHAN NARD                                                                              PLAINTIFF

vs.                                        Civil No. 4:09-cv-04053

SCOTT SIMMONS                                                                              DEFENDANT
*City of DeQueen Investigator*

**REPORT AND RECOMMENDATION
OF A UNITED STATES MAGISTRATE JUDGE**

Before this Court is Defendant's Motion for Summary Judgment.  ECF No. 11.  Defendant filed this Motion on June 16, 2010.  *Id.*  On June 23, 2010, Plaintiff responded to this Motion.  ECF No. 14.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), on September 23, 2010, the Honorable Harry F. Barnes referred this Motion to this Court for the purpose of making a report and recommendation.  ECF No. 20.  This Motion is now ready for consideration, and, in accordance with the following reasoning, this Court recommends this Motion be **GRANTED.**

**1. Background**[1]

On or about June 14, 2008, six men burglarized a Radio Shack in DeQueen, Arkansas.  ECF No. 13-1 at 21.  Lieutenant Scott Simmons (hereinafter "Defendant") was the lead investigator of this burglary.  ECF No. 13-2 ¶ 2.  The DeQueen Police Department Incident Report ("Incident Report') regarding the Radio Shack burglary is dated June 15, 2008, and the report time is 4:09 p.m.  ECF No. 13-3.  According to the Incident Report, on June 15, 2008 at 8:57 a.m., LaBrandon Wells (hereinafter

---

[1] The "Background" is based upon the pleadings and dcouments submitted by the Parties.  To the extent the parties dispute the information submitted, this Court will so note.  As is required, this Court will construe the facts in a light most favorable to the nonmovant, Plaintiff.  *See Fletcher v. Burlington N. and Santa Fe Ry. Co.,* 474 F.3d 1121, 1125 (8th Cir. 2007).

1

"Wells") was apprehended by the DeQueen Police Department. ECF No. 13-5 ¶ 1. It is undisputed by the Parties in this case that Wells was involved in this burglary. Defendant and another investigator interviewed Wells that same day. ECF No. 13-5 ¶ 3.

The statements Wells made during this interview are in dispute. Defendant represents that during this interview, Wells named all six men from the Radio Shack burglary and one of those individuals was Plaintiff. ECF No. 13-2 ¶¶ 11-12. Defendant has submitted an affidavit from the other investigating officer who was also present during Wells's interview which verifies Defendant's claim that Wells identified Plaintiff. ECF No. 13-5 ¶ 5.

Plaintiff claims there is no proof that Wells identified Plaintiff as being one of the six men involved in the burglary. ECF No. 14 at 8. Plaintiff notes that the conversation with Wells, Defendant, and the other investigator was not recorded. ECF No. 14-2 at 24. Further, it is undisputed Wells gave two sworn statements regarding the burglary. ECF No. 13-6, 13-7. One statement was dictated and recorded by Defendant while the other was written by Wells himself. *Id.* As noted by Plaintiff, neither statement contained Plaintiff's name "Johnathan Nard." *Id.* Plaintiff argues these sworn statements are further evidence Wells never specifically identified him by name. ECF No. 14 at 8.

The evidence regarding Wells's identification of Plaintiff is also in dispute. Radio Shack provided a surveillance disc from which the DeQueen Police Department printed still-photos. ECF No. 13-2 ¶ 7. Defendant claims Wells identified by name all the individuals in the still-photos. ECF No. 13-2 ¶ 14. Defendant claims Wells identified one of the males as "Johnathan Nard" in three separate still-photos. *Id.* ¶ 15. Defendant claims he marked on the photos the names of all the individuals Wells identified, and these markings included those for Jonathan Nard. ECF No. 13-8.

2

Plaintiff disputes this identification and also argues both that he does not look anything like the person identified as Johnathan Nard in the still-photos and does not have a tattoo of "Johnathan" as the person in the still-photos did. ECF No. 14.

On June 16, 2008, Defendant prepared an Affidavit for a Warrant for Arrest for Nard. ECF No. 13-2 ¶ 20. In this affidavit, Defendant requested the arrest warrant be issued based upon the representations made by Wells:

> LaBrandon advised thier was [sic] 6 people in the Jeep that broke into Advance Audio [including himself] and he was able to name and they are as follows Prince Long . . . Regis Hillmon . . . James Wells . . . Jermany James . . . Johnthan Nard.

On June 17, Defendant delivered this Affidavit to Judge Stephen W. Tedder for his signature. ECF No. 13-9. On the same day, a Bench Warrant for commercial burglary was issued for Plaintiff. ECF No. 13-17. On October 14, 2008, Plaintiff was stopped in or around Linden, Texas by a Texas state trooper for a traffic violation. ECF No. 13-10. During this stop, a check of Plaintiff's identification showed Plaintiff had two outstanding warrants from Cass County, Texas, for two probation revocations. Plaintiff also had one outstanding warrant out of DeQueen, Arkansas for felony burglary. *Id.*

Plaintiff was arrested and taken to the Cass County Jail where he was booked for the two misdemeanors in Cass County, Texas and was held for Sevier County, Arkansas on the burglary charge out of DeQueen. ECF No. 13-11. For the misdemeanor violations, Plaintiff was sentenced to ninety days in Cass County Jail. ECF No. 13-12. Plaintiff was also given credit for his time served. *Id.* During this time, while Plaintiff was incarcerated in Cass County Jail, Plaintiff wrote a letter to the Sevier County Jail on or about November 24, 2008 wherein he stated "I need to get that charge [burglary] dropped because I don't even know how to get to DeQueen[,] Arkansas and most of all I

don't appreciate people using my name trying to stay out of trouble." ECF No. 13-14.

Plaintiff served his ninety day sentence at Cass County Jail on his misdemeanor charges. On January 20, 2009, Plaintiff was extradited to Sevier County, Arkansas based upon his arrest warrant from the Radio Shack burglary. ECF No. 13-13. Thereafter, on March 12, 2009, after Plaintiff was transported to Sevier County, Arkansas, the charges against him were dismissed. ECF No. 13-16. No additional charges have been filed against Plaintiff related to this burglary, and it unclear exactly what events led to these charges against Plaintiff being dismissed.

The evidence further indicates that prior to this investigation, Defendant had never heard the name "Johnathan Nard." ECF No. 13-2 ¶ 19. The first time Defendant had any contact with or saw Plaintiff was when he saw Plaintiff at the Sevier County Circuit Court on or around the date Plaintiff was transferred from the Cass County Jail to the Sevier County Jail on January 20, 2009. ECF No. 13-1 at 26.

On June 4, 2009, Plaintiff filed his Complaint. ECF No. 1. In this Complaint, Plaintiff sued "SCOTT SIMMONS, City of DeQueen Investigator" as the single Defendant in this action. *Id*. Plaintiff does not state whether Defendant is being sued in his official or individual capacity:

> Defendant Investigator Scott Simmons is a resident of Sevier County, Arkansas and is an investigator with the City of DeQueen, Arkansas Police Department. It is his responsibility and duty to treat all citizens, including Plaintiff Nard, in accordance with minimum constitutional and statutory requirements and in compliance with the City of DeQueen's policies, procedures, practices, and customs. This includes the duty not to submit a false Affidavit for Warrant for Plaintiff Johnathan Nard.

*Id*. at 2. In this Complaint, Plaintiff alleged Defendant violated his Fourth and Fourteenth Amendment rights by unlawfully arresting and unlawfully incarcerating him. *Id*. at 1. On July 2, 2009, Defendant filed an Answer to Plaintiff's Complaint. ECF No. 6.

4

Thereafter, on June 16, 2010, Defendant filed the present Motion for Summary Judgment. ECF No. 11. With this Motion, Defendant seeks summary judgment for two reasons: (1) Plaintiff has failed to establish Defendant is liable in his official capacity and (2) Plaintiff has failed to establish any of his constitutional rights were violated. ECF No. 12. For his first argument, Defendant claims Plaintiff did not specify whether suit was filed against Defendant in his individual or official capacity. *Id.* at 7-8. Therefore, Defendant argues that under Eighth Circuit law, suit was filed against him in his official capacity. *Id.* at 7-8. Defendant further claims suit against him in his official capacity is barred because Plaintiff has not established that "a policy or custom of the city [of DeQueen, Arkansas] was a moving force behind the alleged constitutional violation." *Id.* Defendant argues such a showing is required for Plaintiff to prevail against him in his official capacity. *Id.*

Second, Defendant argues that even if Plaintiff had sued Defendant in his individual capacity, summary judgment is still appropriate because Plaintiff has failed to establish that any of his constitutional rights were violated. *Id.* at 9-13. In his Complaint, Plaintiff alleged that both his Fourth and Fourteenth Amendment rights were violated. ECF No. 1. Defendant, however, claims only Plaintiff's Fourth Amendment rights are implicated under the facts in this case, and the Fourteenth Amendment provides no further relief for Plaintiff. ECF No. 11 at 13. Defendant argues that, under the Fourth Amendment, Plaintiff has not established he is liable to Plaintiff. *Id.* Defendant argues to be entitled to relief, Plaintiff must demonstrate (1) there was no probable cause to submit an affidavit for arrest warrant and (2) Defendant maliciously submitted the affidavit for arrest warrant. *Id.* Defendant argues Plaintiff has not made either of these showings. *Id.* Thus, he claims he is entitled to summary judgment. *Id.*

In response, Plaintiff argues there are fact issues precluding summary judgment. ECF No. 14.

Specifically, Plaintiff argues in response to Defendant's first argument the Complaint is "as clear as a bell" that he was suing Defendant in his individual capacity. *Id.* at 22. He argues Defendant's argument was a "red herring." *Id.* Plaintiff also argues the following fact issues preclude summary judgment for the suit against Defendant in his individual capacity as to whether he acted in reckless disregard for the truth in submitting the affidavit: (1) Defendant failed to state in his affidavit that "a video existed showing that Plaintiff Nard was not the person who committed the burglary and . . . the suspect had a tattoo with the name 'Johnathan,' which Plaintiff Nard simply did not possess" and (2) Defendant failed to follow-up after the hearing on January 20, 2009 to determine whether Plaintiff was the person in the surveillance video. *Id.* Plaintiff also disputes Defendant's claim that Well's identified him as a perpetrator during Defendant's interview of Wells. *Id.*

### 2. Applicable Law

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, a federal court is authorized to grant summary judgment in a case. Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c)(2). A genuine issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on an issue where the nonmovant bears the burden of proof at trial. *Id.* at 324. A mere scintilla of evidence in support of the non-movant's position is insufficient. *Anderson,* 477 U.S. at 252. To survive a motion for

summary judgment, "a nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial." *Parks v. City of Horseshoe Bend, Arkansas,* 480 F.3d 837, 839 (8th Cir. 2007) (citation omitted). As stated in this rule, "[w]hen a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must–by affidavits or as otherwise provided in this rule–set out specific facts showing a genuine issue for trial." *Id.*

### 3. Discussion

a. Official Capacity Claim: Defendant raises two arguments in support of his claim that summary judgment is proper. First, Defendant claims summary judgment is proper because Plaintiff sued him in his official capacity, and there is no evidence to establish he is liable in his official capacity. ECF No. 12 at 7-8. According the Eighth Circuit, where a plaintiff does not specify whether suit is being brought against the defendant in his or her individual or official capacity, the presumption is that suit is brought against the defendant in his or her official capacity. *See Nix v. Norman,* 879 F.2d 429, 430 (8th Cir. 1989); *See also Egerdahl v. Hibbing Community College,* 72 F.3d 615, 619 (8th Cir. 1995) (holding "[i]f a plaintiff's complaint is silent about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims").

Plaintiff's Complaint is silent about the capacity in which he is suing Defendant. ECF No. 1. Indeed, the language in the Complaint indicates Defendant is being sued in his *official* capacity, and Plaintiff even titled the suit against Defendant "SCOTT SIMMONS, City of DeQueen Investigator." *Id.* Further, in his response to Defendant's Motion for Summary Judgment, Plaintiff provides no substantive argument addressing the *Nix* or *Egerdahl* cases and references no part of his Complaint which could be interpreted as putting Defendant on notice that he was being sued in his individual

capacity. *See Egerdahl,* 72 F.3d at 319 (upholding the Eighth Circuit's dismissal of the plaintiff's claim where the plaintiff failed to specify whether defendants were being sued in their individual or official capacities). Plaintiff also freely admitted that if his claims were against Defendant in his official capacity only, he would have no case against Defendant. ECF No. 14 at 22 (stating "Plaintiff Nard has never attempted to establish a claim against the City of DeQueen"). Thus, since Plaintiff's suit is against Defendant in his official capacity, and there is no case against Defendant in that capacity, summary judgment should be recommended on this basis alone.

b. <u>Individual Capacity Claim</u>: Alternatively, and for the purpose of entering this Report and recommendation the Court will assume Defendant was sued in his individual capacity and will also address Defendant's second argument for summary judgment. Defendant claims summary judgment is proper because there is no fact issue as to whether Defendant violated Plaintiff's Fourth Amendment rights. Plaintiff must establish two elements to prove a Fourth Amendment violation: (1) Defendant lacked probable to seek an arrest warrant and (2) Defendant acted with malice in submitting the affidavit for arrest warrant. *See Malley v. Briggs,* 475 U.S. 335, 340-41 (1986). *See also Morris v. Lanpher,* 563 F.3d 399, 401-404 (8th Cir. 2009). Malice requires a showing of either "deliberate falsehood" or "reckless disregard for the truth." *See Morris,* 563 F.3d at 402 (internal citation and quotation marks omitted). At the summary judgment stage, Plaintiff must provide evidence demonstrating a triable fact issue for both elements.

In order to avoid summary judgment on his claim of a Fourth Amendment violation, Plaintiff must provide evidence demonstrating a factual dispute as to whether Defendant acted with malice.[2]

---

[2]Because the Court finds no genuine issue of material fact regarding the issue of malice, the issue of lack of probable cause to issue an arrest warrant will not be addressed in this Report and Recommendation.

Plaintiff must show that Defendant committed a "deliberate falsehood" or demonstrated a "reckless disregard for the truth" in his actions. After reviewing the evidence submitted, and viewing this evidence in a light most favorable to Plaintiff, this Court does not find a factual dispute on this issue because Plaintiff has presented no affirmative evidence creating a fact issue for whether Defendant acted with malice. Indeed, in support of his claim of malice, Plaintiff submit three arguments: (1) there is no evidence Wells provided the name "Johnathan Nard" to Defendant; (2) Defendant did not provide in the affidavit there was a video showing Plaintiff was not the person who committed the burglary and the suspect had a tattoo with the name "Johnathan" which Plaintiff did not possess; and (3) Defendant did not compare Plaintiff with the person on the video after he saw Plaintiff at the January 20, 2009 hearing. ECF No. 14.

As for Plaintiff's first argument, Defendant has submitted an affidavit both from himself and from the other investigating officer stating Wells gave them the name "Johnathan Nard." ECF No. 13-2 ¶¶ 11-12, ECF No. 13-5 ¶ 5. Plaintiff has presented no summary judgment evidence to contradict their claims or to create a fact issue as whether Wells made this statement. Further, Plaintiff himself stated in his deposition that he had heard someone used his name in connection to the burglary. ECF No. 13-15 at 17. Thus, this Court finds this claim does not create a fact issue on malice. *See Morris,* 563 F.3d at 403 (holding that when a defendant "made a properly supported motion for summary judgment on the ground of qualified immunity, they [plaintiffs] 'may not respond simply with general attacks upon the defendant's credibility, but rather must identify affirmative evidence from which a jury could find the plaintiff has carried his or her burden of proving the pertinent motive.'") (internal citation and quotation marks omitted).

Plaintiff claims with his second argument that Defendant should have included in his affidavit

both that Plaintiff was not the person in the video and Plaintiff did not have a tattoo of "Johnathan" like the perpetrator did. ECF No. 14. There is a flaw with Plaintiff's argument. Importantly, at the time Defendant submitted the affidavit, there is absolutely no evidence that Defendant knew either of those facts. Indeed, Defendant has submitted evidence that he had never seen Plaintiff before the January 20, 2009 hearing. ECF No. 13-1 at 26. There is no evidence of either "deliberate falsehood" or "reckless disregard for the truth" as required by *Morris*. Thus, this alleged omission from the affidavit creates no affirmative evidence of malice. *See Morris,* 563 F.3d at 403.

Plaintiff's third argument–that Defendant should have compared Plaintiff's appearance with the surveillance video–is equally flawed. Even assuming Defendant had the duty to compare Plaintiff's appearance with the individual on the video, this would establish at best that Defendant was merely negligent. A showing of negligence does not establish malice or establish that Defendant made a "deliberate falsehood" or demonstrated a "reckless disregard for the truth." Thus, after reviewing these three arguments, this Court finds Plaintiff has presented no affirmative evidence of malice to create a fact issue, and this case should be dismissed.

**4. Conclusion**

Based upon the foregoing, this Court recommends that Defendant's Motion for Summary Judgment (ECF No.11) be **GRANTED** in its entirety**.** This Court also recommends that judgment be entered against Plaintiff, and this case be dismissed with prejudice.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the**

district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

      **ENTERED this 16th day of November, 2010.**

                                        /s/   Barry A. Bryant
                                        HON. BARRY A. BRYANT
                                        U.S. MAGISTRATE JUDGE