IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOHNATHAN NARD                                                                                    PLAINTIFF

V.                                         CASE NO. 09-CV-4053

SCOTT SIMMONS,
City of DeQueen Investigator                                                                  DEFENDANTS

## JUDGMENT

Before the Court is the Report and Recommendation filed November 17, 2010, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 22). Judge Bryant recommends that Defendant's Motion for Summary Judgment (ECF No. 11) be granted in its entirety. Plaintiff Johnathan Nard has responded with timely objections. (ECF No. 23). After reviewing the record *de novo*, the Court adopts Judge Bryant's Report and Recommendation as its own.

Plaintiff objects to the recommendation that Plaintiff sued Defendant in his official capacity and not his individual capacity. However, Judge Bryant analyzed the summary judgment argument alternatively, assuming that Defendant was sued in his individual capacity. The Court agrees with Judge Bryant's finding that, assuming Defendant was sued in his individual capacity, summary judgment is proper because there is no fact issue as to whether Defendant violated Plaintiff's Fourth Amendment rights.

Plaintiff further objects to the recommendation that summary judgment be granted in favor of Defendant. "A warrant based upon an affidavit containing 'deliberate falsehood' or 'reckless disregard for the truth' violates the Fourth Amendment." *Morris v. Lampher*, 563 F.3d 399, 402 (8th

Cir. 2009) (quoting *Bagby v. Brondhaver*, 98 F.3d 1096, 1098 (8th Cir. 1996)).  Here, Planitiff has the burden of proving that Defendant either intentionally or recklessly included false statements in the warrant affidavit.  *See Morris*, 563 at 403 (citing *U.S. v. Ozar,* 50 F.3d 1440, 1443 (8th Cir. 1995).  Plaintiff argues that whether Defendant's action or inactions amounted to deliberate indifference is a question for the jury.  However, Plaintiff has not put forth any evidence supporting the argument that Defendant either intentionally or recklessly included false statements in the warrant affidavit; whereas, Defendant has submitted an affidavit from both himself and from the other investigating officer stating that someone involved in the burglary gave them the name "Johnathan Nard" as someone else who was involved in the burglary.  Thus, the Court agrees with Judge Bryant that summary judgment is proper because Plaintiff has presented no affirmative evidence that Defendant either intentionally or recklessly included false statements in the warrant affidavit.  Thus, the Court finds that summary judgment is proper because Plaintiff has not provided any evidence to show that Defendant either intentionally or recklessly included false statements in the warrant affidavit.

The Court has reviewed all of Plaintiff's objections and finds no merit in the objections. Accordingly, for reasons stated herein and above, as well as those contained in Judge Bryant's Report and Recommendation (ECF. No. 22), Defendant's Motion for Summary Judgment (ECF No. 11) is **GRANTED** and Plaintiff's complaint  is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 9th day of March, 2011.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge